### Petition of WARSZAWSKI.
### No. 98366.

District Court, E. D. Michigan, S. D.
Aug. 21, 1936.

TUTTLE, District Judge.

This petition for naturalization was filed under the provisions of the Act of June 24, 1935 (49 Stat. 395, Public, No. 160, 74th Congress [8 U.S.C.A. §§ 392b–392d]).

The petitioner, Joseph Warszawski, was born in Poland on November 13, 1893; and entered the United States on March 8, 1913. The petitioner registered for the draft in Cleveland, Ohio, in the summer of 1917, but, becoming impatient at not being called for service in the American army, enlisted with the Polish forces at their recruiting center in Cleveland, Ohio, in October, 1917, from which point he was sent to a concentration camp in Canada. Within a few days after his arrival at camp in Canada, he received a notice to appear in Cleveland, Ohio, for a physical examination for service in the American army. He gave no heed or attention to this command from the American authorities. The petitioner subsequently went abroad, with a Polish contingent, from which he was honorably discharged in March, 1920. He was legally readmitted to the United States on August 12, 1920. On February 20, 1936, he filed this petition for naturalization under the provisions of the above-stated act, which granted certain exemptions and privileges to veterans of allied countries who come within the provisions of the act.

The applicable parts of the statute cited provide as follows:

"Section 2. The provisions of section 1, of this Act [section 392b of this title] are hereby extended to include any alien lawfully admitted into the United States for permanent residence who departed there-

from between August, 1914, and April 5, 1917, or who, having been denied entry into the military and naval forces of the United States, departed therefrom subsequent to April 5, 1917 for the purpose of serving, and actually served prior to November 11, 1918, in the military or naval forces of any of the countries allied with the United States in the World War and was discharged from such service under honorable circumstances: Provided, That before any applicant for citizenship under this section is admitted to citizenship, the court shall be satisfied by competent proof that he is entitled to, and has complied in all respects with, the provisions of this Act [section 392b of this title]; and that he was and had been a bona fide lawfully admitted resident in the United States for two years before the passage of this Act [June 24, 1935].

"Section 3. The Commissioner of Immigration and Naturalization, with the approval of the Secretary of Labor, shall prescribe such rules and regulations as may be necessary for the enforcement of this Act [sections 392b and 392c of this title]." 8 U.S.C.A. §§ 392c, 392d.

 The petitioner has complied with all the provisions of the statute, except that no proof has been submitted to show that he was denied entry into the military or naval forces of the United States. The admitted facts are such that, if he was denied entry into the military or naval forces of the United States, he should be admitted to citizenship. The only question is: Was he so denied? The petitioner testified that he registered for the draft and that he was given a deferred classification. This did not, in the opinion of this court, amount to a denial of service, but rather placed the petitioner on notice that he would be subject to call at any time, and that he should, therefore, be ready to serve when called. The petitioner, well knowing that he was subject to call, enlisted in the Polish forces, and left the United States only a short time before he was actually called for service in the forces of the United States. In accordance with the authority given by section 3 of the above-cited statute, the Commissioner of Immigration and Naturalization, with the approval of the Secretary of Labor, did on November 4, 1935, issue General Order No. 222, which stated that: "It shall be presumed, for the purpose of this Act, that aliens recruited and enrolled in the United States in any military or naval forces allied or associated with the United States in the World War, who went abroad in a contingent of such forces between April 5, 1917, and November 11, 1918, were denied entry into .the military and naval forces of the United States in the War." Said section 3 of the act evidently intended to authorize these two specified officers in the executive department of our government to prescribe rules and regulations for their own executive department. They have no authority to make rules and regulations which would shift the burden of proof or to prescribe any rules or regulations for the judicial hearing by the court. By said General Order No. 222, the executive department is not prescribing "rules and regulations * * * for the enforcement of this Act." The executive department is attempting to invade the legislative department and amend the statute. This interpretation of the statute would, in effect, negative the apparent intention of Congress in passing the statute. In case of doubt, the construction of the Bureau of Naturalization is entitled to some consideration. In re Joseph Cordaro (D.C.) 246 F. 735. There is no doubt in the mind of this court that Congress intended that all applicants petitioning for citizenship under this act should show by competent proof that they were actually denied entry into the military or naval forces of the United States. The fact that the petitioner was desirous of serving in the forces of his native land, and supporting the countries allied with the United States in the World War, may be commendable, but he is not entitled to naturalization under the provisions of this act; since no proof has been submitted to the court showing that he was denied entry into the forces of the United States. In fact, the proof shows conclusively that he was not so denied.

For the reasons stated above, the petition will be denied.